IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

AL DURRANT, individual and
on behalf of all other similarly situated,

      Plaintiff,

  v.

OFFICIAL PAYMENTS CORPORATION, a
Delaware corporation,

      Defendant.

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453, and the provisions of the Class

Action Fairness Act of 2005 ("CAFA"), Defendant Fiserv, Inc. ("Fiserv"),[1] by counsel, hereby

removes this action, currently pending in the Seventeenth Judicial Circuit Court in and for

Broward County, Florida, to the United States District Court for the Southern District of Florida,

Fort Lauderdale Division.

## I.      BACKGROUND

1.     On or about April 3, 2020, Plaintiff Al Durrant ("Plaintiff") filed a First Amended

---

[1] In the initial Class Action Complaint filed on March 23, 2020 in the Circuit Court of the
Seventeenth Judicial Circuit in and for Broward County, Florida, Plaintiff named Official
Payments Corporation as the defendant. Plaintiff's First Amended Class Action Complaint
("Amended Complaint"), filed in the same Court on April 3, 2020, names Fiserv, Inc. as the
defendant and drops Official Payments Corporation from the action. However, the case caption
in the Amended Complaint continues to list Official Payments Corporation as the defendant.
This Notice of Removal applies to Defendant Fiserv, Inc., notwithstanding the reference to
Official Payments Corporation in the case caption.

Class Action Complaint (the "Amended Complaint") against Fiserv in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, identified as Case No. CACE-20-005224.

2.      Plaintiff asserts various claims against Fiserv purportedly arising under the Telephone Consumer Protection Act, 47 § U.S.C. 227 *et seq*., ("TCPA") based on text messages allegedly sent despite requests to opt out of the text messages.  According to the allegations in the Amended Complaint, Plaintiff asserts claims on behalf of himself individually and on behalf of all other similarly situated persons.   (Am. Compl. ¶ 36.) Copies of Plaintiff's original Complaint and Summons and Plaintiff's Amended Complaint and Summons, and all other documents believed to be on file with the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida, are attached hereto as **Exhibit A**.

3.      Fiserv was served with the Amended Complaint on April 9, 2020.

4.      This Notice of Removal is being filed within 30 days of service, making the action timely removed pursuant to 28 U.S.C. §§ 1446(b) and 1453(b).

5.      Fiserv denies the allegations in the Amended Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Amended Complaint in this Court under federal question jurisdiction because Plaintiff asserts violations of federal law, namely the TCPA. Further, Plaintiff could have originally filed the Amended Complaint in this Court under CAFA because Plaintiff asserts a putative class action consisting of more than 100 plaintiffs, the citizenship of at least one plaintiff is different from that of at least one defendant, and the alleged amount in controversy exceeds $5 million.

## II.        <u>REMOVAL IS PROPER UNDER FEDERAL QUESTION JURISDICTION</u>

6.        This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff alleges that Fiserv violated the TCPA by failing "to honor requests for opting out of text messages."  *See* Am. Compl. ¶ 3.

7.        Removal of this case if proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.        Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Amended Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.  This case qualifies for federal question jurisdiction and is removable because Plaintiff's Amended Complaint alleges claims under, and requires a ruling on, the TCPA. (Am. Compl. ¶¶ 46 – 52).

## II.        <u>REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA"), 28 U.S.C. §§ 1332(d), 1453</u>

9.        Additionally, this action is removable to federal court pursuant to CAFA, codified at 28 U.S.C. § 1332(d)(2).  Specifically, Plaintiff asserts a putative class action consisting of more than 100 plaintiffs, as required by 28 U. S. C. § 1332(d)(2); the citizenship of at least one plaintiff is different from that of at least one defendant, as required by 28 U.S.C. § 1332(d)(2)(A); and the alleged amount in controversy, aggregating the claims of the plaintiffs, exceeds $5 million, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(6).

10.     This action is a putative class action, with a proposed class definition consisting of "All persons who from four years prior to the filing of this action until the date of a certification order (1) were sent a text message to their cellular phone number by Defendant or on Defendant's behalf, (2) using the same equipment used to send the text messages to Plaintiff, (3) *after* making a request to Defendant to stop or cease future text messages." (Am. Compl. ¶ 36.)

11.     Plaintiff estimates his damages to be $5,000,000 (*see* Civil Cover Sheet filed with the Amended Complaint).  Further, the Amended Complaint requests (a) a minimum of $500 in damages for each violation for each member of the putative class; (b) a declaration that Fiserv violated the TCPA; (c) a declaration that the violations were willful and knowing; (d) an injunction prohibiting Fiserv from using an automatic telephone dialing system; as well as (e) actual, statutory, and/or trebled statutory damages (Am. Compl. ¶ 52).

A.      **The Minimal Diversity of Citizenship Required under CAFA is Satisfied**

12.     To satisfy CAFA's minimal diversity requirement, "any member of [the] class of plaintiff" must be "a citizen of a State different from any defendant."   28 U.S.C. § 1332(d)(2)(A). That requirement is met here.

13.     Specifically, Plaintiff is a citizen and resident of Broward County, Florida. (Am. Compl. ¶ 6).

14.     Defendant Fiserv is a corporation organized under the laws of Wisconsin, with its principal place of business in Milwaukee, Wisconsin. Accordingly, for purposes of federal jurisdiction, Fiserv is a citizen of the State Wisconsin. *See Cent. W. Virginia Energy Co. v. Mountain State Carbon,* LLC, 636 F.3d 101, 102 (4th Cir. 2011) ("For federal diversity

jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business.").

15.     Because Plaintiff is a citizen of Florida and Fiserv is a citizen of Wisconsin, minimal diversity is satisfied.

**B.     <u>Plaintiff Asserts a Class Action Consisting of More than 100 Plaintiffs.</u>**

16.     CAFA requires that the aggregate number of putative class members exceeds 100 persons.  28 U.S.C. § 1332(d)(5)(B).

17.     Plaintiff alleges the proposed Class of similarly situated persons "number[s] in the several thousands, if not more." (Am. Comp. ¶ 8.)

18.     Accordingly, the class size requirement for CAFA is satisfied.

**C.     <u>The Amount in Controversy Exceeds the Jurisdictional Threshold of CAFA.</u>**

19.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013).  While Fiserv denies the claims as alleged in Plaintiff's Amended Complaint and denies that Plaintiff, or any putative class member, is entitled to any relief, Plaintiff's Amended Complaint alleges an amount that exceeds the jurisdictional requirement.

20.     Plaintiff estimates his damages to be $5,000,000 (*see* Civil Cover Sheet filed with Amended Complaint).

21.     Accordingly, the relief sought in Plaintiff's Amended Complaint exceeds the jurisdictional minimum.

### III.    VENUE

22.  Venue is proper in this Court because this district and division encompass the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.    NOTICE

23.  Pursuant to 28 U.S.C. §1446(d), a copy of Fiserv's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Seventeenth Judicial Circuit Court in and for Broward County, and is attached hereto as **Exhibit B**.

24.  This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. §1446(d).

25.  As of the date of this removal, Fiserv has not filed a responsive pleading to the Amended Complaint.  Fiserv reserves all rights to assert any and all defenses to the Amended Complaint and further reserves the right to amend or supplement this Notice of Removal.

26.  If any questions arise as to the propriety of the removal of this action, Fiserv requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Fiserv, Inc. hereby removes this action to this Court and seeks all other relief as this Court deems equitable and just.

Dated: May 4, 2020                        Respectfully submitted,

**FISERV, INC.**

By: _/s/ Gillian D. Williston_ _____
                        Of Counsel

Gillian D. Williston (Florida Bar No.: 14270)
TROUTMAN SANDERS LLP

222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail:  gillian.williston@troutman.com

Steven D. Allison (to be admitted pro hac vice)
Samrah R. Mahmoud (to be admitted pro hac vice)
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: (949) 622-2751
Facsimile: (949) 622-2739
E-mail:  steven.allison@troutman.com
E-mail:  samrah.mahmoud@troutman.com

*Counsel for Defendant Fiserv, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of May 2020, I electronically filed the foregoing

***Notice of Removal*** with the Clerk of the Court using the CM/ECF system and a true and correct

copy of the foregoing document was sent via Federal Express, to the following:

Manuel S. Hiraldo
HIRALDO P.A.
401 E. Las Olas Blvd, Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 444-4713
mhiraldo@hiraldolaw.com
***Counsel for Plaintiff***

By: /s/ Gillian D. Williston
Of Counsel

Gillian D. Williston (Florida Bar No.: 14270)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: gillian.williston@troutman.com

*Counsel for Defendant Fiserv, Inc.*

869