# Exhibit A

Case 0:20-cv-60900-RKA Document 1-2 Entered on FLSD Docket 05/04/2020 Page 2 of 77

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting __data__ pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Al Durrant</u>
 Plaintiff
       vs.
<u>Official Payments Corporation</u>
Defendant

**II.     AMOUNT OF CLAIM**
     Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>5,000,000</u>

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☒ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☐ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☒  Non-monetary declaratory or injunctive relief;
☐  Punitive

**V.      NUMBER OF CAUSES OF ACTION:**
        (Specify)

        1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☒  Yes
☐  No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   s/ Manuel S Hiraldo
             Attorney or party
FL Bar No.:  30380
             (Bar number, if attorney)
             Manuel S Hiraldo
             (Type or print name)
   Date:  03/23/2020

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**AL DURRANT**,
individually and on behalf of all
others similarly situated,                          **CLASS ACTION**

     Plaintiff,                                      **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

    Plaintiff AL DURRANT, pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests

Defendant OFFICIAL PAYMENTS CORPORATION, produce the following documents and things

for inspection and copying, subject to any outstanding objections, within 30 days from date of service

hereof.

## DEFINITIONS

    As used herein, the terms listed below are defined as follows:

    A.    "You" or "Your" shall mean Defendant OFFICIAL PAYMENTS CORPORATION.

    B.    "Subject Text Messages" shall mean the text messages sent to Plaintiff as identified in

Plaintiff's operative Complaint.

    C.    "Text Message(s)" shall mean a text message sent to a mobile telephone by You using

the same type of equipment used to send the Subject Text Messages, after the recipient made a request

to no longer receive text messages.

    D.    "Person" shall mean any natural person, entity, corporation, partnership, association,

joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

G.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## **TIME FRAME**

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## **FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

1.     Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to make such a claim.

2.     Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

3.     Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Subject Text Messages.

4.     Documents sufficient to identify the hardware, software, and/or methodology used to transmit Text Messages.

5.     Documents sufficient to identify the content of the Subject Text Messages and Text Messages.

6.     Documents sufficient to identify the following information regarding recipients of Text Messages: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.

7.     Documents sufficient to identify the total number of Text Messages sent.

8.     Documents sufficient to identify the method or process by which Text Messages and the Subject Text Messages were sent.

9.     All documents regarding or referring to Plaintiff.

10.     All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

11.     All communications between you and Plaintiff.

12.     All formal or informal complaints received by you regarding Text Messages.

13.     Documents sufficient to identify the target name and/or phone number for every Text Message sent.

14.     All documents supporting your contention that you obtained express written consent to send the Subject Text Messages.

15.     All documents supporting your contention that you obtained express consent to send the Subject Text Messages.

16.     All documents supporting your contention that you obtained express written consent to send Text Messages.

17.     All documents supporting your contention that you obtained express consent to send Text Messages.

18.     All policies and procedures pertaining in any way TCPA compliance by you and/or your employees.

19.     All communications regarding or incorporating any of the following words: "autodialer," "autodial," "Telephone Consumer Protection Act," "TCPA," "marketing text" "text message campaign," and "FCC petition."

20.     Documents sufficient to identify the creation, content and/or transmission of Text Messages.

21.     Documents sufficient to identify the creation, content and/or transmission of the Subject Text Messages.

22.     All documents pertaining to transmission of the Subject Text Messages to Plaintiff.

23.     All communications pertaining to transmission of the Subject Text Messages to Plaintiff.

24.     All documents pertaining to the transmission of Text Messages.

25.     Documents sufficient to identify the computer and/or other device use to transmit the Subject Text Messages.

26.     Documents sufficient to identify the computer and/or other device use to transmit Text Messages.

27.     Documents sufficient to identify the telephone numbers to which Text Messages were transmitted, including, but not limited to, transmission reports or logs.

28.     Documents sufficient to identify the criteria used to select and/or obtain the database of telephone numbers to which Text Messages were sent.

29.     All documents pertaining to the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to sending the message.

30.     All documents pertaining to the type of consent or permission, if any, you obtained from recipients of Text Messages prior to sending the Text Messages.

31.     Documents sufficient to identify the manner in which the database(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

32.     Documents sufficient to identify the reason(s) why the Subject Text Messages were sent to Plaintiff.

33.     Documents sufficient to identify the reason(s) why Text Messages were sent.

34.     All documents pertaining to the marketing or promotion of your business through Text Messages.

35.     All communications pertaining to the criteria used to select and/or obtain the telephone numbers to which Text Messages were transmitted.

36.     Documents sufficient to identify your policies, practices, and/or procedures for transmitting Text Messages.

37.     All documents pertaining to consent to transmit Text Messages.

38.     All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Text Messages.

39.     All contracts and documents pertaining to any agreement between you and any third party regarding Text Messages.

40.     Documents sufficient to identify the number of Text Messages that you or anyone on your behalf have sent.

41.     All documents pertaining to any third party transmitting Text Messages on your behalf.

42.     All documents referred to in, identified in, or that provide part or all of the basis for Defendant's responses to Plaintiff's Interrogatories.

43.     Copies of all documents, materials, business plans, memoranda, and/or minutes that reference using telemarketing or automatic dialing systems to contact persons and/or entities to promote Defendant's products, goods, or services.

44.     All documents, records, data, recordings and other materials relating to Plaintiff.

45.     All documents regarding Plaintiff's telephone numbers.

Date: March 23, 2020

/s/ Manuel S. Hiraldo
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Phone: 954-400-4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

OFFICIAL PAYMENTS CORPORATION with the original service of process of the Complaint.

/s/ Manuel S. Hiraldo
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**AL DURRANT**,
individually and on behalf of all
others similarly situated,

                                     **CLASS ACTION**

      Plaintiff,                        **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

      Defendant.

_____/

## NOTICE OF E-MAIL COMPLIANCE FOR SERVICE

      Plaintiff hereby gives Notice of Compliance with Florida Rule of Judicial Administration

2.516, requiring service of pleadings by electronic mail, and respectfully provide the following

information:

      Primary email: mhiraldo@hiraldolaw.com

Date: March 23, 2020

                                  **HIRALDO P.A.**
                                    401 E. Las Olas Boulevard,
                                    Suite 1400
                                    Ft. Lauderdale, Florida 33301

                                    */s/ Manuel S. Hiraldo*
                                    Manuel S. Hiraldo
                                    Florida Bar No. 030380
                                    Email: mhiraldo@hiraldolaw.com
                                    Telephone: 954.400.4713
                                    *Counsel for Plaintiff*

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**AL DURRANT**,
individually and on behalf of all
others similarly situated,                                  **CLASS ACTION**

     Plaintiff,                                       **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

     Defendant.
_____/

### PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES

Plaintiff AL DURRANT, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the attached interrogatories to Defendant OFFICIAL PAYMENTS CORPORATION, to

be answered under oath in writing.

Date: March 23, 2020

/s/ Manuel S. Hiraldo
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Phone: 954-400-4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

OFFICIAL PAYMENTS CORPORATION, with the original service of process of the Complaint.

<u>*/s/ Manuel S. Hiraldo*</u>
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**AL DURRANT**,
individually and on behalf of all
others similarly situated,

                                   **CLASS ACTION**

    Plaintiff,                       **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

    Defendant.

_____/

**<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT</u>**

Plaintiff AL DURRANT, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the following interrogatories to Defendant OFFICIAL PAYMENTS CORPORATION, to

be answered fully and separately in writing and under oath by Defendant.

Date: March 23, 2020

                                         _/s/ Manuel S. Hiraldo_
                                       **MANUEL S. HIRALDO**
                                       Florida Bar No. 030380
                                       E-mail: mhiraldo@hiraldolaw.com
                                       **HIRALDO P.A.**
                                       401 E. Las Olas Boulevard, Suite 1400
                                       Fort Lauderdale, Florida 33301
                                       Phone: 954-400-4713

                                       **JIBRAEL S. HINDI, ESQ.**
                                       Florida Bar No.: 118259
                                       E-mail: jibrael@jibraellaw.com
                                       The Law Offices of Jibrael S. Hindi
                                       110 SE 6th Street, Suite 1744
                                       Fort Lauderdale, Florida 33301
                                       Phone: 954-907-1136
                                       Fax:     855-529-9540

                                       _COUNSEL FOR PLAINTIFF_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

FISERV, INC., with the original service of process of the Complaint.

/s/ Manuel S. Hiraldo
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.      "You" or "Your" shall mean Defendant OFFICIAL PAYMENTS CORPORATION.

B.      "Subject Text Messages" shall mean the text messages sent to Plaintiff as identified in Plaintiff's operative Complaint.

C.      "Text Message(s)" shall mean a text message sent to a mobile telephone by You using the same type of equipment used to send the Subject Text Messages, after the recipient made a request to no longer receive text messages.

D.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

G.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

**TIME FRAME**

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## <u>FIRST SET OF INTERROGATORIES TO DEFENDANT</u>

1.　　Identify the total number of Text Messages that have been sent.  For each Text Message, please identify the date, content, and telephone number of the recipient of the Text Message, and describe how the Text Messages were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number. For any Text Messages sent simultaneously to numerous persons, identify the contents of the Text Message and the number of recipients such Text Message was sent.

**ANSWER:**

2.　　Describe in detail the method or process by which Text Messages were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages.

**ANSWER:**

3.　　Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone numbers.

**ANSWER:**

4.      Describe in detail the method or process by which the Subject Text Messages were sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Text Messages.

**ANSWER:**

5.      Identify the name(s) of the individual(s) who prepared and/or approve the content of the Subject Text Messages.

**ANSWER:**

6.      Identify who sent the Subject Text Messages to Plaintiff.

**ANSWER**:

7.      Describe the equipment used to send the Subject Text Messages.

**ANSWER:**

8.      Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number.  Your answer should include a description of how that equipment interacts with any equipment used to send the Subject Text Messages.

**ANSWER:**

9.      Have you ever received formal or informal complaints regarding Text Messages? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**ANSWER:**

10.     Describe what type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to sending the message.

**ANSWER:**

11.     Describe what type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**ANSWER**:

12.     Describe the manner in which the database(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER:**

13.     Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time any of the Subject Text Messages were sent?  If so, please explain your understanding and whether you believe the TCPA restricts the transmission of the Subject Text Message.

**ANSWER:**

14.     The identity of all persons or entities who participated in transmitting Text Messages.

**ANSWER:**

15.     Describe the reason(s) why the Subject Text Messages were sent to Plaintiff after Plaintiff requested to not receive text messages from You.

**ANSWER:**

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

By:_____

Print Name:_____

**STATE OF** _____ )

                             ) **SS:**

**COUNTY OF** _____ )

     **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____, who being by me first duly sown,

deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and

correct.

     **SWORN TO AND SUBSCRIBED before** me this _____ day of _____,

2019.

                        _____

                        Notary Public, State of _____

                        My Commission Expires:

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**AL DURRANT**,
individually and on behalf of all
others similarly situated,                    **CLASS ACTION**

    Plaintiff,                    **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

    Defendant.

_____/

## PLAINTIFF'S REQUEST FOR INSPECTION OF PROPERTY

    Plaintiff AL DURRANT, pursuant to Rule 1.350, Florida Rules of Civil Procedure,

requests Defendant OFFICIAL PAYMENTS CORPORATION, to produce for inspection the

equipment utilized by Defendant OFFICIAL PAYMENTS CORPORATION, to transmit the

text messages alleged in Plaintiff's operative Complaint, at a mutually agreed-upon date, time

and location.

    Date: March 23, 2020

*/s/ Manuel S. Hiraldo*
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Phone: 954-400-4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
*COUNSEL FOR PLAINTIFF*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/23/2020 06:06:49 PM.****

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**AL DURRANT**,
individually and on behalf of all
others similarly situated,                                        **CLASS ACTION**

      Plaintiff,                                        **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

      Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

**Official Payments Corporation**
**Registered Agent: Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

      Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S. HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED or     MAR 24 2020

      BRENDA D. FORMAN
      As Clerk of the Court

      BY: _____
      As Deputy Clerk

**BRENDA D. FORMAN**

Case Number: CACE-20-005224 Division: 21

Filing # 105318312 E-Filed 03/23/2020 06:06:51 PM Case 0:20-cv-60900-RKA Document 1-16 Entered on FLSD Docket 05/04/2020 Page 25 of 77

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**AL DURRANT,**
individually and on behalf of all
others similarly situated,                                          **CLASS ACTION**

      Plaintiff,                                          **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

      Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Al Durrant brings this class action against Defendant Official Payments Corporation and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.  This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2.  Defendant is a leading provider of electronic payment solutions.

3.  Notwithstanding its size and sophistication, Defendant fails to honor requests for opting out of text messages. Even where consumers make repeated requests to not receive text messages, Defendant continues to bombard them with messages.

4.  That is what occurred here. Plaintiff asked Defendant, on several occasions, to stop sending him text messages. Defendant would immediately send Plaintiff an automated response promising Plaintiff that he had been unsubscribed from receiving messages. Shortly thereafter,

3

Defendant would again commence sending messages to Plaintiff.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

6.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida, and the subscriber and user of the cellular telephone number (954) ***-1136 (the "**1136 Number**").

7.      Defendant is, and at all times relevant hereto was, a corporation organized under the laws of Delaware and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Auburn, Alabama. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

8.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes.  The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida via an ATDS and without the requisite prior express consent and/or after Plaintiff and the class members revoked their consent, in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited SMS text messages to Plaintiff in Florida.  Plaintiff received such messages while residing in and physically present in Florida.

3

10.     Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

11.     Plaintiff has standing to maintain this action because he suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court.  Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## THE TCPA

13.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

14.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15.     The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

16.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls

3

whether they pay in advance or after the minutes are used.

18.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

19.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## **FACTS**

20.     Commencing on or about January 1, 2020, Defendant bombarded Plaintiff with text messages regarding recent purchases he had made, <u>after</u> Plaintiff made repeated requests for the messages to stop.  The following are depictions of the messages and opt-out requests:









< 54826

A Card Purchase from
BRAVO SUPERMARKET
in the amount of $12.83
has posted on x607 Free
Checking.

A Card Purchase from
MOBY'S FISH & CHICK
in the amount of $8.55
has posted on x607 Free
Checking.

**Stop**

SCCU Text Banking.
You are not subscribed
in SCCU Text Banking.
Please visit https://www
.sccu.com to enroll or call
8004477228.



< 54826

A Card Purchase from
BRAVO SUPERMARKET
in the amount of $12.83
has posted on x607 Free
Checking.

A Card Purchase from
MOBY'S FISH & CHICK
in the amount of $8.55
has posted on x607 Free
Checking.

A Card Purchase from
BRAVO SUPERMARKET
in the amount of $12.83
has posted on x607 Free
Checking.

A Card Purchase from
MOBY'S FISH & CHICK
in the amount of $8.55
has posted on x607 Free
Checking.

16

20.     Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

21.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district, after those individuals made demands to Defendant to cease its text messages.

22.     Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text messages.

23.     The number used by Defendant (54826) to text message Plaintiff is known as a "short code," a standard 5- digit code that enables Defendant to send SMS text messages *en masse*.

24.     The impersonal and generic nature of Defendant's text messages demonstrates that Defendant utilized an ATDS in transmitting the messages.

25.     Defendant's use of auto-reply functionality further demonstrates that Defendant utilized an ATDS to text message Plaintiff.

26.     To send the text messages, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

27.     The Platform has the capacity to store telephone numbers.

28.     The Platform has the capacity to generate sequential numbers.

29.     The Platform has the capacity to dial numbers in sequential order.

30.     The Platform has the capacity to dial numbers from a list of numbers.

31.     The Platform has the capacity to dial numbers without human intervention.

32.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

33.     To transmit the messages at issue, the Platform automatically executed the

following steps:

    i.   The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;

    ii.   The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's messages to create "packets" consisting of one telephone number and the message content;

    iii.   Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers.

    iv.   Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant. Each mobile carrier then sent the message to its customer's mobile telephone.

34.    The above execution of instructions occurred seamlessly, with no human intervention, and almost instantaneously. Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

35.    The following graphic summarizes the above steps and demonstrates that the dialing of the text messages at issue was done by the Platform automatically and without any human intervention:



## CLASS ALLEGATIONS

### PROPOSED CLASS

36.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiffs seeks to represent is comprised of and defined as:

> **All persons who from four years prior to the filing of this action until the date of a certification order (1) were sent a text message to their cellular phone number by Defendant or on Defendant's behalf, (2) using the same equipment used to send the text messages to Plaintiff, (3) *after* making a request to Defendant to stop or cease future text messages.**

37.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

38.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39.     The exact number and identities of the Class members are unknown at this time and can

be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

40.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a   Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

    b.   Whether Defendant can meet its burden of showing that it had express written consent to make such calls;

    c.   Whether Defendant's conduct was knowing and willful;

    d.   Whether Defendant is liable for damages, and the amount of such damages; and

    e.   Whether Defendant should be enjoined from such conduct in the future.

41.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

42.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

43.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

44.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

46.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

47.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

48.     The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called,

using a random or sequential number generator; and (B) to dial such numbers." *Id*. at §227(a)(1).

49.    Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

50.    These calls were made without regard to whether Defendant had express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

51.    Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

52.    As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff Al Durrant, on behalf of himself and the other members of the Class, prays for the following relief:

a.    A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.    A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c.    An injunction prohibiting Defendant from using an automatic telephone dialing

22

system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d       An award of actual, statutory damages, and/or trebled statutory damages; and

e       Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Date: March 23, 2020

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**THE LAW OFFICES OF**
**JIBRAEL S. HINDI**
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

*Counsel for Plaintiff and the Class*

## RETURN OF SERVICE

| State of Florida | County of Broward | Circuit Court |
|---|---|---|

Case Number: CACE-20-005224 21

Plaintiff:
**AL DURRANT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY
SITUATED,**

vs.

Defendant:
**OFFICIAL PAYMENTS CORPORATION, A DELAWARE CORPORATION,**

For:
Manuel Hiraldo
Hiraldo P.A.
401 E. Las Olas Blvd.
Ste 1400
Fort Lauderdale, FL 33301

Received by L & L PROCESS on the 24th day of March, 2020 at 12:32 pm to be served on **OFFICIAL PAYMENTS
CORPORATION REGISTERED AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS STREET,
TALLAHASSEE, FL 32301**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **25th day of March, 2020 at 8:20 am, I:**

**CORPORATE:** served by delivering a true copy of the **Summons, Class Action Complaint, Request for
Production, Notice of Serving Interrogatories, Request for Inspection of Property** with the date and hour of
service endorsed thereon by me, to: **SCHEENA KRUSE** as **AUTHORIZED REPRESENTATIVE** for the Registered
Agent of OFFICIAL PAYMENTS CORPORATION REGISTERED AGENT: CORPORATION SERVICE COMPANY  at
the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein,
in compliance with state statutes.

**Description** of Person Served: Age: 25+, Sex: F, Race/Skin Color: WHITE, Height: 5'6'', Weight: 150, Hair:
BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the
facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525
(2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**L & L PROCESS
13876 S.W. 56 STREET
SUITE 200
MIAMI, FL 33175-6021
(305) 772-8804**

Our Job Serial Number: LLP-2020000998
Ref: 2020000998

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Case Number: CACE-20-005224 Division: 21

Filing # 105318312 E-Filed 03/23/2020 06:06:51 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**AL DURRANT**,
individually and on behalf of all
others similarly situated,                          **CLASS ACTION**

    Plaintiff,                           **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

    Defendant.                    Date: 3/25/20       Time: 8:20 A

_____/      MCN #111

                                is a certified process server in the
                             Circuit and County Courts in and for the
                                Second Judicial Circuit

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

**Official Payments Corporation**
**Registered Agent: Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

      Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S. HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED or     MAR 24 2020

      BRENDA D. FORMAN
      As Clerk of the Court

      BY: _____
      As Deputy Clerk

                  **BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

## CASE NO.: CACE-20-005224

**AL DURRANT,**
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

     Plaintiff,                                        **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION,**
a Delaware corporation,

     Defendant.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

     Plaintiff Al Durrant brings this class action against Defendant Fiserv, Inc. and alleges as

follows upon personal knowledge as to himself and his own acts and experiences, and, as to all

other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

     1.     This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 *et seq.*, ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

     2.     Defendant is a leading provider of financial services technology.

     3.     Notwithstanding its size and sophistication, Defendant fails to honor requests for

opting out of text messages. Even where consumers make repeated requests to not receive text

messages, Defendant continues to bombard them with messages.

     4.     That is what occurred here. Plaintiff asked Defendant, on several occasions, to stop

---

[1] Through this amendment, Plaintiff hereby drops, <u>without</u> prejudice, Defendant Official Payments
Corporation, and names Defendant Fiserv, Inc.

sending him text messages.  Defendant would immediately send Plaintiff an automated response promising Plaintiff that he had been unsubscribed from receiving messages.  Shortly thereafter, Defendant would again commence sending messages to Plaintiff.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

6.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida, and the subscriber and user of the cellular telephone number (954) ***-1136 (the "**1136 Number**").

7.      Defendant is, and at all times relevant hereto was, a corporation organized under the laws of Delaware and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Brookfield, Wisconsin. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

8.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes.  The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida via an ATDS and without the requisite prior express consent and/or after Plaintiff and the class members revoked their consent, in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited

14

SMS text messages to Plaintiff in Florida.  Plaintiff received such messages while residing in and physically present in Florida.

10.      Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

11.      Plaintiff has standing to maintain this action because he suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court.  Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## THE TCPA

13.      The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

14.      The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15.      The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

16.      In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17.      The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

18. A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

19. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## **FACTS**

20. Commencing on or about January 1, 2020, Defendant bombarded Plaintiff with text messages regarding recent purchases he had made, <u>after</u> Plaintiff made repeated requests for the messages to stop. The following are depictions of the messages and opt-out requests:





< 54826

**Stop**

SCCU Text Banking: You have been unsubscribed and will no longer receive messages. For help, call 8004477228.

A Card Purchase from BRAVO SUPERMARKET in the amount of $12.83 has posted on x607 Free Checking.

A Card Purchase from MOBY'S FISH & CHICK in the amount of $8.55 has posted on x607 Free Checking.

< 54826

A Card Purchase from BRAVO SUPERMARKET in the amount of $12.83 has posted on x607 Free Checking.

A Card Purchase from MOBY'S FISH & CHICK in the amount of $8.55 has posted on x607 Free Checking.

A Card Purchase from BRAVO SUPERMARKET in the amount of $12.83 has posted on x607 Free Checking.

A Card Purchase from MOBY'S FISH & CHICK in the amount of $8.55 has posted on x607 Free Checking.

< 54826

A Card Purchase from BRAVO SUPERMARKET in the amount of $12.83 has posted on x607 Free Checking.

A Card Purchase from MOBY'S FISH & CHICK in the amount of $8.55 has posted on x607 Free Checking.

A Card Purchase from BRAVO SUPERMARKET in the amount of $12.83 has posted on x607 Free Checking.

A Card Purchase from MOBY'S FISH & CHICK in the amount of $8.55 has posted on x607 Free Checking.





< 54826                    📞   🔍   ⋮

A Card Purchase from
BRAVO SUPERMARKET
in the amount of $12.83
has posted on x607 Free
Checking.

A Card Purchase from
MOBY'S FISH & CHICK
in the amount of $8.55
has posted on x607 Free
Checking.

**Stop**

SCCU Text Banking
You are not subscribed
in SCCU Text Banking.
Please visit https://www
.sccu.com to enroll or call
8004477228.



< 54826                    📞   🔍   ⋮

A Card Purchase from
BRAVO SUPERMARKET
in the amount of $12.83
has posted on x607 Free
Checking.

A Card Purchase from
MOBY'S FISH & CHICK
in the amount of $8.55
has posted on x607 Free
Checking.

A Card Purchase from
BRAVO SUPERMARKET
in the amount of $12.83
has posted on x607 Free
Checking.

A Card Purchase from
MOBY'S FISH & CHICK
in the amount of $8.55
has posted on x607 Free
Checking.

19

20.    Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

21.    Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district, after those individuals made demands to Defendant to cease its text messages.

22.    Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text messages.

23.    The number used by Defendant (54826) to text message Plaintiff is known as a "short code," a standard 5- digit code that enables Defendant to send SMS text messages *en masse*.

24.    The impersonal and generic nature of Defendant's text messages demonstrates that Defendant utilized an ATDS in transmitting the messages.

25.    Defendant's use of auto-reply functionality further demonstrates that Defendant utilized an ATDS to text message Plaintiff.

26.    To send the text messages, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

27.    The Platform has the capacity to store telephone numbers.

28.    The Platform has the capacity to generate sequential numbers.

29.    The Platform has the capacity to dial numbers in sequential order.

30.    The Platform has the capacity to dial numbers from a list of numbers.

31.    The Platform has the capacity to dial numbers without human intervention.

32.    The Platform has the capacity to schedule the time and date for future transmission of text messages.

33.    To transmit the messages at issue, the Platform automatically executed the

20

following steps:

    i.   The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;

    ii.   The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's messages to create "packets" consisting of one telephone number and the message content;

    iii.   Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers.

    iv.   Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant. Each mobile carrier then sent the message to its customer's mobile telephone.

34.    The above execution of instructions occurred seamlessly, with no human intervention, and almost instantaneously. Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

35.    The following graphic summarizes the above steps and demonstrates that the dialing of the text messages at issue was done by the Platform automatically and without any human intervention:



## CLASS ALLEGATIONS

### PROPOSED CLASS

36.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiffs seeks to represent is comprised of and defined as:

> **All persons who from four years prior to the filing of this action until the date of a certification order (1) were sent a text message to their cellular phone number by Defendant or on Defendant's behalf, (2) using the same equipment used to send the text messages to Plaintiff, (3) *after* making a request to Defendant to stop or cease future text messages.**

37.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

38.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

40.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a   Whether Defendant made non-emergency calls  to Plaintiff and  Class members' cellular telephones using an ATDS;

b   Whether Defendant can meet its burden of showing that it had express written consent to make such calls;

c.   Whether Defendant's conduct was knowing and willful;

d   Whether Defendant is liable for damages, and the amount of such damages; and

e.   Whether Defendant should be enjoined from such conduct in the future.

41.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

42.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

43.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative

and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

44.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

46.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

47.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

48.     The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS")

24

as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at §227(a)(1).

49.     Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

50.     These calls were made without regard to whether Defendant had express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

51.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

52.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff Al Durrant, on behalf of himself and the other members of the Class, prays for the following relief:

a       A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.      A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c.       An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d.       An award of actual, statutory damages, and/or trebled statutory damages; and

e.       Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Date: April 3, 2020

Respectfully submitted,

**HIRALDO P.A.**

/s/ Manuel S. Hiraldo
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**THE LAW OFFICES OF
JIBRAEL S. HINDI**
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793
*Counsel for Plaintiff and the Class*

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

AL DURRANT, individually and on behalf of all
others similarly situated,

**CLASS ACTION**

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

FISERV, INC., *a Wisconsin corporation*,

    Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff AL DURRANT, pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests

Defendant FISERV, INC., produce the following documents and things for inspection and copying,

subject to any outstanding objections, within 30 days from date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.      "You" or "Your" shall mean Defendant FISERV, INC.

B.      "Subject Text Messages" shall mean the text messages sent to Plaintiff as identified in

Plaintiff's operative Complaint.

C.      "Text Message(s)" shall mean a text message sent to a mobile telephone by You or on

Your behalf for the purpose of marketing or promoting Your goods and/or services, that was sent using

the same type of equipment used to send the Subject Text Messages.

D.      "Person" shall mean any natural person, entity, corporation, partnership, association,

joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means

of preserving thought or expression, and all tangible things from which information can be processed

or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.   Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

      F.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

      G.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## **FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

1.       Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to make such a claim.

2.       Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

3.       Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Subject Text Messages.

4.       Documents sufficient to identify the hardware, software, and/or methodology used to transmit Text Messages.

5.       Documents sufficient to identify the content of the Subject Text Messages and Text Messages.

6.       Documents sufficient to identify the following information regarding recipients of Text Messages: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.

7.       Documents sufficient to identify the total number of Text Messages sent.

8.       Documents sufficient to identify the method or process by which Text Messages and the Subject Text Messages were sent.

9.       All documents regarding or referring to Plaintiff.

10.      All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

11.      All communications between you and Plaintiff.

12.      All formal or informal complaints received by you regarding Text Messages.

13.      Documents sufficient to identify the target name and/or phone number for every Text Message sent.

14.      All documents supporting your contention that you obtained express written consent to send the Subject Text Messages.

15.      All documents supporting your contention that you obtained express consent to send the Subject Text Messages.

16.     All documents supporting your contention that you obtained express written consent to send Text Messages.

17.     All documents supporting your contention that you obtained express consent to send Text Messages.

18.     All policies and procedures pertaining in any way TCPA compliance by you and/or your employees.

19.     All communications regarding or incorporating any of the following words: "autodialer," "autodial," "Telephone Consumer Protection Act," "TCPA," "marketing text" "text message campaign," and "FCC petition."

20.     Documents sufficient to identify the creation, content and/or transmission of Text Messages.

21.     Documents sufficient to identify the creation, content and/or transmission of the Subject Text Messages.

22.     All documents pertaining to transmission of the Subject Text Messages to Plaintiff.

23.     All communications pertaining to transmission of the Subject Text Messages to Plaintiff.

24.     All documents pertaining to the transmission of Text Messages.

25.     Documents sufficient to identify the computer and/or other device use to transmit the Subject Text Messages.

26.     Documents sufficient to identify the computer and/or other device use to transmit Text Messages.

27.     Documents sufficient to identify the telephone numbers to which Text Messages were transmitted, including, but not limited to, transmission reports or logs.

28.     Documents sufficient to identify the criteria used to select and/or obtain the database of telephone numbers to which Text Messages were sent.

29.     All documents pertaining to the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to sending the message.

30.     All documents pertaining to the type of consent or permission, if any, you obtained from recipients of Text Messages prior to sending the Text Messages.

31.     Documents sufficient to identify the manner in which the database(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

32.     Documents sufficient to identify the reason(s) why the Subject Text Messages were sent to Plaintiff.

33.     Documents sufficient to identify the reason(s) why Text Messages were sent.

34.     All documents pertaining to the marketing or promotion of your business through Text Messages.

35.     All communications pertaining to the criteria used to select and/or obtain the telephone numbers to which Text Messages were transmitted.

36.     Documents sufficient to identify your policies, practices, and/or procedures for transmitting Text Messages.

37.     All documents pertaining to consent to transmit Text Messages.

38.     All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Text Messages.

39.     All contracts and documents pertaining to any agreement between you and any third party regarding Text Messages.

40.     Documents sufficient to identify the number of Text Messages that you or anyone on your behalf have sent.

41.     All documents pertaining to any third party transmitting Text Messages on your behalf.

42.     All documents referred to in, identified in, or that provide part or all of the basis for Defendant's responses to Plaintiff's Interrogatories.

43.     Copies of all documents, materials, business plans, memoranda, and/or minutes that reference using telemarketing or automatic dialing systems to contact persons and/or entities to promote Defendant's products, goods, or services.

44.     All documents, records, data, recordings and other materials relating to Plaintiff.

45.     All documents regarding Plaintiff's telephone numbers.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Date: April 03, 2020

/s/ Manuel S. Hiraldo
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Phone: 954-400-4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

/s/ Manuel S. Hiraldo
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

AL DURRANT, individually and on behalf of all
others similarly situated,

                                           **CLASS ACTION**

    Plaintiff,                            **JURY TRIAL DEMANDED**

v.

FISERV, INC., *a Wisconsin corporation*,

    Defendant.

_____/

### PLAINTIFF's NOTICE OF SERVICE OF INTERROGATORIES

Plaintiff AL DURRANT, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the attached interrogatories to Defendant FISERV, INC., to be answered under oath in

writing.

Date: April 03, 2020

*/s/ Manuel S. Hiraldo*
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Phone: 954-400-4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/03/2020 11:54:21 AM.****

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

FISERV, INC., with the original service of process of the Complaint.

_/s/ Manuel S. Hiraldo_

**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

AL DURRANT, individually and on behalf of all
others similarly situated,

                                       **CLASS ACTION**

    Plaintiff,                           **JURY TRIAL DEMANDED**

v.

FISERV, INC., *a Wisconsin corporation*,

    Defendant.

_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

       Plaintiff AL DURRANT, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the following interrogatories to Defendant FISERV, INC., to be answered fully and

separately in writing and under oath by Defendant.

       Date: April 03, 2020

                              */s/ Manuel S. Hiraldo*
                              **MANUEL S. HIRALDO**
                              Florida Bar No. 030380
                              E-mail: mhiraldo@hiraldolaw.com
                              **HIRALDO P.A.**
                              401 E. Las Olas Boulevard, Suite 1400
                              Fort Lauderdale, Florida 33301
                              Phone: 954-400-4713

                              **JIBRAEL S. HINDI, ESQ.**
                              Florida Bar No.: 118259
                              E-mail: jibrael@jibraellaw.com
                              The Law Offices of Jibrael S. Hindi
                              110 SE 6th Street, Suite 1744
                              Fort Lauderdale, Florida 33301
                              Phone: 954-907-1136
                              Fax:    855-529-9540

                              *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

FISERV, INC., with the original service of process of the Complaint.

_/s/ Manuel S. Hiraldo_
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.     "You" or "Your" shall mean Defendant FISERV, INC.

B.     "Subject Text Messages" shall mean the text messages sent to Plaintiff as identified in Plaintiff's operative Complaint.

C.     "Text Message(s)" shall mean a text message sent to a mobile telephone by You or on Your behalf for the purpose of marketing or promoting Your goods and/or services, that was sent using the same type of equipment used to send the Subject Text Messages.

D.     "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.     The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.     "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address,

business telephone number and a description of each such person's connection with the events in question.

G.       "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## **TIME FRAME**

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## **FIRST SET OF INTERROGATORIES TO DEFENDANT**

1.      Identify the total number of Text Messages that have been sent.  For each Text Message, please identify the date, content, and telephone number of the recipient of the Text Message, and describe how the Text Messages were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number. For any Text Messages sent simultaneously to numerous persons, identify the contents of the Text Message and the number of recipients such Text Message was sent.

**ANSWER:**

2.      Describe in detail the method or process by which Text Messages were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages.

**ANSWER:**

3.      Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone numbers.

**ANSWER:**

4.      Describe in detail the method or process by which the Subject Text Messages were sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Text Messages.

**ANSWER:**

5.      Identify the name(s) of the individual(s) who prepared and/or approve the content of the Subject Text Messages.

**ANSWER:**

6.      Identify who sent the Subject Text Messages to Plaintiff.

**ANSWER**:

7.      Describe the equipment used to send the Subject Text Messages.

**ANSWER:**

8.      Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number.  Your answer should include a description of how that equipment interacts with any equipment used to send the Subject Text Messages.

**ANSWER:**

9.      Have you ever received formal or informal complaints regarding Text Messages? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**ANSWER:**

10.      Describe what type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to sending the message.

**ANSWER:**

11.     Describe what type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**ANSWER**:

12.     Describe the manner in which the database(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER:**

13.     Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time any of the Subject Text Messages were sent?  If so, please explain your understanding and whether you believe the TCPA restricts the transmission of the Subject Text Message.

**ANSWER:**

14.    The identity of all persons or entities who participated in transmitting Text Messages.

**ANSWER:**

15.    Describe the reason(s) why the Subject Text Messages were sent to Plaintiff.

**ANSWER:**

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

By:_____

Print Name:_____

**STATE OF** _____ )

                                 ) **SS:**

**COUNTY OF** _____ )

      **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____, who being by me first duly sown, deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and correct.

      **SWORN TO AND SUBSCRIBED before** me this _____ day of _____, 2020.

_____

Notary Public, State of _____

My Commission Expires:

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

AL DURRANT, individually and on behalf of all
others similarly situated,                                          **CLASS ACTION**

    Plaintiff,                                                      **JURY TRIAL DEMANDED**

v.

FISERV, INC., *a Wisconsin corporation*,

    Defendant.
_____/

## PLAINTIFF'S REQUEST FOR INSPECTION OF PROPERTY

Plaintiff AL DURRANT, pursuant to Rule 1.350, Florida Rules of Civil Procedure,

requests Defendant FISERV, INC., to produce for inspection the equipment utilized by

Defendant FISERV, INC., to transmit the text messages alleged in Plaintiff's operative

Complaint, at a mutually agreed-upon date, time and location.

Date: April 03, 2020.

*/s/ Manuel S. Hiraldo*
_____
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Phone: 954-400-4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

<u>/s/ Manuel S. Hiraldo</u>
**MANUEL S. HIRALDO**
Florida Bar No. 030380
E-mail: mhiraldo@hiraldolaw.com

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO.: CACE-20-005224

**AL DURRANT**,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      Plaintiff,                                    **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,
a Delaware corporation,

      Defendant.
_____/                    On Amended

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

**Fiserv, Inc.**
**Registered Agent: Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

      Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S. HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____   APR 08 2020

            BRENDA D. FORMAN
            As Clerk of the Court

BY: _____
As Deputy Clerk

**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/03/2020 10:46:47 AM.****

## RETURN OF SERVICE

State of Florida                  County of Broward                  Circuit Court

Case Number: CACE-20-005224 21

Plaintiff:
**AL DURRANT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED,**

vs.

Defendant:
**OFFICIAL PAYMENTS CORPORATION, A DELAWARE CORPORATION,**

For:
Manuel Hiraldo
Hiraldo P.A.
401 E. Las Olas Blvd.
Ste 1400
Fort Lauderdale, FL 33301

Received by L & L PROCESS on the 8th day of April, 2020 at 10:53 am to be served on **FISERV, INC. REGISTERED AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **9th day of April, 2020 at 9:05 am, I:**

**CORPORATE:** served by delivering a true copy of the **Summons, First Amended Class Action Complaint, Notice of Service of Interrogatories, First Request for Production to Defendant, Request for Inspection of Property** with the date and hour of service endorsed thereon by me, to: **SCHEENA KRUSE** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of FISERV, INC. REGISTERED AGENT: CORPORATION SERVICE COMPANY at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25+, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 150, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**L & L PROCESS**
**13876 S.W. 56 STREET**
**SUITE 200**
**MIAMI, FL 33175-6021**
**(305) 772-8804**

Our Job Serial Number: LLP-2020001106
Ref: 2020001106

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Filing # 105827627 E-Filed 04/03/2020 10:46:49 AM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-20-005224**

**AL DURRANT**,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

     Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

**OFFICIAL PAYMENTS CORPORATION**,     Date: 4/9/20   Time: 8:05 ᴧ
a Delaware corporation,                              MCN #111

                                   is a certified process server in the
     Defendant.                                Circuit and County Courts in and for the
                                           Second Judicial Circuit
_____/       On Amended

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action
on defendant:

**Fiserv, Inc.**
**Registered Agent: Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

     Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S.
HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400,
Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons
on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of
this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

         DATED on _____   APR 08 2020

                    BRENDA D. FORMAN
                    As Clerk of the Court

                    BY: _____
                    As Deputy Clerk

**BRENDA D. FORMAN**