# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 0:20-cv-60900

| | |
|---|---|
| AL DURRANT, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| OFFICIAL PAYMENTS CORPORATION, a Delaware corporation, | |
| Defendant. | |

_____/

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Al Durrant, pursuant to 28 U.S.C. §1447(c), moves to remand this case to state court, and in support states:

## I. INTRODUCTION

Plaintiff filed this putative class action under the Telephone Consumer Protection Act ("TCPA") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. In his Complaint, Plaintiff alleges that he suffered a legal injury as a result of Defendant's unsolicited text messages. Compl., [ECF No. 1-2], at ¶11.

On May 4, 2020, Defendant filed its Notice of Removal. Defendant's Notice of Removal is silent with respect to Plaintiff's Article III standing to maintain his claim in federal court – a component of this Court's jurisdictional analysis for which Defendant bears the burden. In fact, Defendant "denies that Plaintiff has been damaged in any manner." *See* Notice of Removal, [ECF No. 1], at ¶5. Due to Defendant's failure to satisfy its burden on removal by demonstrating that this Court has jurisdiction over Plaintiff's claims, this case should be remanded to state court.

## II.   ARGUMENT AND MEMORANDUM OF LAW

### A.   <u>Defendant Fails to Meet its Burden</u>.

As the removing party, Defendant has the burden of proving all federal subject matter jurisdictional prerequisites are met, including the requirements of Article III standing. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009); *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, 781 F.3d 1271, 1279 (11th Cir. 2015).  To meet its burden, a removing party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  If a defendant fails to meet its burden, remand is mandatory.  *Univ. of South. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410; *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (in FACTA case in which the removing defendant failed to prove the plaintiff had standing, "§ 1447(c) required the district court to remand this case to state court . . . . ").

In determining whether a defendant has met its burden, district courts should interpret the removal statute narrowly, and presume that a plaintiff may choose his own forum.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Additionally, "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Breland Homes, LLC v. Wrigley*, Civil Action No. 5:18-CV-1350-CLS, 2019 U.S. Dist. LEXIS 57238, at *2 (N.D. Ala. Apr. 3, 2019) (quoting *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))).  "Most importantly, the court must focus upon jurisdictional facts alleged *on the date the case was removed from state court.*"  *Id*. (emphasis in original) (citations omitted).

Here, Defendant failed to meet its burden and in fact appears to claim that Plaintiff lacks Article III standing in its Notice of Removal. *See* Notice of Removal, [ECF No. 1], at ¶5

("Fiserv…denies that Plaintiff has been damaged in any manner.").  Defendant asks this Court to fill in the blanks—an option unavailable to a removing party.  *See Barnes v. ARYZTA*, LLC, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017) (noting that "[t]he difference between the two parties is that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court.").

Defendant's tactic of simply ignoring the Article III component of subject matter jurisdiction has been rejected by courts facing similar issues.  *See, e.g., Black v. Main Street Acquisition Corp.*, No. 5:11-CV-0577 (LEK/DEP), 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013) (remanding a case *sua sponte* where "no party shoulder[ed] the burden of proving jurisdiction"); *Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 2169805, at *1 (W.D. Wash. May 16, 2017) ("The court need not reach [the question of subject matter jurisdiction] because neither party attempts to rebut the presumption that the court lacks subject matter jurisdiction."); *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017), appeal dismissed, No. 18-1182, 2018 WL 3583218 (7th Cir. Feb. 8, 2018) (stating "[t]he Court declines to decide whether there is Article III standing because neither party is willing to address the issue" and further holding that the fact that subject matter jurisdiction remains unsettled "alone supports remand, as [a]ny doubt regarding jurisdiction should be resolved in favor of the states.") (internal quotations omitted); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("[w]hichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 849 F.2d 1197 (9th Cir. 1988) (expressly declining to determine whether jurisdiction existed under § 1332 because the parties did not plead it); *Littleton v. Berbling*, 468 F.2d 389, 394 (7th Cir. 1972), rev'd sub nom. *O'Shea v. Littleton*,

414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), and vacated sub nom. *Spomer v. Littleton*, 414 U.S. 514, 94 S. Ct. 685, 38 L. Ed. 2d 694 (1974) ("the ultimate duty of pleading his case rests upon the party and not upon the district court to divine what is not reasonably there."); *Soto v. Great America LLC*, 2018 WL 2364916, *2-3 (N.D. Ill. 2018) (remanding case where "[n]either party disputes that federal jurisdiction is lacking"); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (in addition to other jurisdictional requirements, a "[removing defendant] must also show that [plaintiffs] have Article III standing . . . .").

Having failed to shoulder its burden, Defendant's removal is improper, and the case should be remanded to state court where Plaintiff has standing to maintain his claims.

**B. Plaintiff has Standing in State Court and the Case Should Therefore be Remanded**.

Where a plaintiff may lack Article III standing, remand to state court is the proper remedy. *See, e.g.*, *Watkins v. IC Sys.*, No. C-98-1625-VRW, 1998 U.S. Dist. LEXIS 10486, at *1 (N.D. Cal. July 10, 1998) ("On October 30, 1997, the court remanded the action to state court because Sicher lacked Article III standing."). Remand is particularly appropriate here because the strictures of Article III standing do not apply in state court and, therefore, Plaintiff is permitted to pursue his claims in state court. *See Dep't of Rev. v. Kuhnlein,* 646 So. 2d 717, 720 (Fla. 1994) ("Accordingly, the doctrine of standing certainly exists in Florida, but not in the rigid sense employed in the federal system."); *Pirate's Treasure, Inc. v. City of Dunedin*, 277 So. 3d 1124, 1128 (Fla. 2d DCA 2019) ("conception of standing is less demanding than the conception of standing that prevails in the federal courts"); *Brady v. P3 Grp. (LLC)*, 98 So. 3d 1206, 1209 (Fla. 3d DCA 2012) ("the doctrine of standing is not employed with the rigidity found in federal practice"); *Nat'l Ass'n of Prof'l Allstate Agents v. Allstate Ins. Co.*, No. 8:01-cv-2137-T-24MSS, 2002 U.S. Dist. LEXIS 28409, at *7 (M.D. Fla. Apr. 22, 2002) ("Instead, Florida courts have applied the concept of

4

standing more loosely than typically found in the federal system."); *Reinish v. Clark*, 765 So. 2d 197 (Fla. 1st DCA 2000) ("Florida does not adhere to the 'rigid' doctrine of standing used in the federal system.").

The allegations in Plaintiff's operative Complaint are sufficient for purposes of state court standing. *See Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 117 (Fla. 2011). ("A case or controversy exists if a party alleges an actual or **legal injury**.") (citing *Olen Properties Corp. v. Moss*, 981 So. 2d 515 (Fla. 4th DCA 2008) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)) (emphasis supplied); *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509 (Fla. 1st DCA 2007) ("[plaintiff] is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA."); *United Auto. Ins. Co. v. Diagnostics of S. Fla., Inc.*, 921 So. 2d 23, 25 (Fla. 3d DCA 2006) (finding no standing because the plaintiff did not have a cause of action against the defendant); *Courtesy Auto Grp. v. Garcia*, 778 So. 2d 1000 (Fla. 5th DCA 2000) (same); *Collins v. Gov't Emples. Ins. Co.*, 922 So. 2d 353 (Fla. 3d DCA 2006) ("To have standing the plaintiff must show that a case or controversy exists between that plaintiff and the defendant….Therefore, the question to be answered first is whether Collins stated a cause of action against the defendant insurer.").

Thus, the case should be remanded to state court where Plaintiff can pursue his claims on behalf of himself and all others similarly situated.

## III.   CONCLUSION

When it removed this case to federal court, Defendant had an obligation to establish this Court's jurisdiction, including Plaintiff's Article III standing.  Having failed to satisfy its burden, the case should be remanded to state court where it was properly filed.

**WHEREFORE**, Plaintiff Al Durrant respectfully requests an order remanding his case to state court, and for such other relief deemed appropriate under the circumstances.

<u>**CERTIFICATE OF GOOD FAITH CONFERRAL**</u>

The undersigned attorney, in compliance with S.D. Local Rule 7.1(a)(3), certifies that the movant has conferred with counsel for Defendant regarding the relief sought herein, and that counsel for Defendant opposes the instant motion.

Dated: <u>May 5, 2020</u>

Respectfully submitted,

**HIRALDO P.A.**

<u>/s/ *Manuel S. Hiraldo*</u>
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

*Counsel for Plaintiff and the Class*